# In the United States Court of Federal Claims

No. 09-364C

(Filed: October 30, 2014)

* * * * * * * * * * * * * * * * * * * *

TERRYTOWN SSA, LLC,

       *Plaintiff*,

v.

THE UNITED STATES OF AMERICA,

       *Defendant*.

* * * * * * * * * * * * * * * * * * * *

ORDER

       This is a Contract Disputes Act ("CDA")[1] action. Plaintiff appeals the contracting officer's denial of its claim for damages for the alleged wrongful termination of a contract to design, build, and then lease to the General Services Administration ("GSA") an office building in Terrytown, Louisiana for use by the Social Security Administration ("SSA"). Defendant has counterclaimed, seeking reprocurement costs and liquidated damages for delay. Pending now are the parties' cross-motions for partial summary judgment. Defendant has moved for summary judgment to the effect that the termination was proper because plaintiff's delays were not excused and that there is no evidence of bad faith on the part of GSA. Plaintiff cross-moved, seeking a judgment that the termination was wrongful because it had no duty to begin or finish construction of the project, and it asks the court to find that the circumstances surrounding the termination establish bad faith on the part of the government. We heard oral argument on May 7, 2014, on the motions in this case, and simultaneously heard argument on similar motions pending in a related action, *Lake Charles XXV, LLC v. United States*, No. 09-363C. During oral argument, we asked for supplemental briefing on a question raised

---

[1] The CDA is codified at 41 U.S.C. §§ 7101-7109 (2012).

1

for the first time at oral argument. After considering the written and oral argument, we conclude that there is no evidence of bad faith and thus grant defendant's motion for partial summary judgment and deny plaintiff's cross-motion on that issue. As to the separate question of whether the termination was proper, however, we conclude that material questions of fact preclude entry of judgment at this time and therefore we deny both motions on that issue.

This case was filed contemporaneously with three related suits involving design, build, and lease contracts for similar facilities in other locations in Louisiana for use by the SSA.[2] The plaintiffs in all four cases share common ownership, and discovery in all four cases was, in large part, conducted jointly. Two of those cases have been dismissed because plaintiff ran afoul of the Contract Act's prohibition against assignment of contracts. *See Am. Govt. Props. v. United States*, No. 09-153C, 2014 WL 4248193 (Fed. Cl. Aug. 28, 2014); *Am. Govt. Props. v. United States*, No. 09-131C (Fed. Cl. Aug. 28, 2014) (unpublished order granting defendant's motion to dismiss).

Nearly identical cross-motions for summary judgment, in all but one respect, were filed in *Lake Charles*, No. 09-363C. In that case, we granted the government's motion for summary judgment in full and denied plaintiff's cross-motion. *Lake Charles XXV, LLC v. United States*, No. 09-363C, 2014 WL 5180797 (Fed. Cl. Oct. 15, 2014) (opinion and order granting defendant's motion for partial summary judgment). The facts of this case are substantially similar to those in *Lake Charles*, and the contract involved there contains the identical clauses at issue in this case. A fuller recitation of the background facts can be found in our October 15, 2014 opinion in that case. We incorporate and adopt the reasoning in that opinion as it pertains to the issue of plaintiff's arguments regarding its duty to proceed with construction and the effect of the no-waiver clause. Plaintiff did have a duty to begin construction and complete it regardless of GSA's late issuance of design drawings and approval of construction drawings because it agreed to a new schedule by amendment to the contract. That amendment superceded the requirements of the original contract and obligated plaintiff to begin construction and then complete it by March 28, 2008. Def.'s App. 272 (Supplemental Lease

---

[2] Those cases are *American Government Properties. & New Iberia SSA, LLC v. United States*, No. 09-131C; *American Government Properties & Houma SSA, LLC v. United States*, No. 09-153C; and *Lake Charles XXV, LLC v. United States*, No. 09-363C.

Agreement No. 3). Further, as explained in our *Lake Charles* opinion, the contract's no-waiver clause did not operate to preserve the original construction schedule. We must therefore consider whether the delays were excused.

Unlike its motion in *Lake Charles*, defendant has not argued that the plaintiff here failed to meet the contract's requirement that the contractor provide notice of delay within 10 days of the start of the alleged delay. Instead defendant argues that plaintiff cannot show any excusable delay for two reasons. The first reason is that, even granting 71 days of rain delay as claimed in the Second Amended Complaint, plaintiff would not have met that extended deadline. Defendant points only to plaintiff's last proposed schedule, however, sent after the second cure notice, which proposed a date 144 days after the original March 28 delivery deadline of SLA No. 3.

The second reason argued by the government is that there is no evidence that the weather delays claimed actually affected the critical path of construction. Defendant contends that permitting delays, not the weather, prevented vertical construction.[3] Defendant also argues, although it does not provide proof, that, even assuming that weather was to blame, it was not "unusually severe" as required by the contract's excusable delay clause. *See* 48 C.F.R. § 552.270-18 (2014) (defining "excusable delay" as, among other things, "unusually severe weather").

Plaintiff chose not to directly meet defendant's arguments regarding the specifics of delay in its response and cross-motion, relying instead on the argument that it had no duty to complete construction. Nevertheless, we

---

[3] Defendant also argues that the evidence demonstrates that plaintiff or its subcontractors were late in applying for permits, November 2007, and thus failed to act with due diligence to obtain the permits and finish construction on time. Plaintiff contended during the contract period that permitting delays were the fault of others, although it did not present a permitting delay claim to the CO. While plaintiff is therefore prohibited from citing that as a basis for its claim in this case, *see* Def.'s App. 329-33 (Certified Claim to the Contracting Officer); *Lake Charles,* 2014 WL 5180797, at *8 n.10, defendant has not put on its own evidence with respect to permitting delays attributable to plaintiff, and we cannot say with certainty that permitting problems would have prevented timely completion had plaintiff received a weather-related extension.

believe there are outstanding fact issues best resolved at trial. We cannot say that there is no evidence that the weather was unusually severe. Mr. Blackmon testified in his deposition that the rains were unusual, and plaintiff is entitled to present that testimony and whatever other evidence it has in that regard at trial. Further, while defendant may ultimately prove to be correct that, even given 71 days for weather, plaintiff would not have met its new deadline, it has not presented evidence to establish the point. The fact that plaintiff proposed a revised schedule with a deadline extension longer than 71 days is, viewing it in the light most favorable to plaintiff, only an offer to the government, not a statement that the project could not have been completed faster.

With regard to plaintiff's bad faith claim, as we explained in the October 15, 2014 *Lake Charles* opinion, that claim is unfounded. Plaintiff's argument in that regard is pure conjecture as there is no evidence to suggest bad faith on the part of the government. We therefore grant defendant's motion for summary judgment with respect to the claim of bad faith on the part of the government.

In sum, we grant defendant' motion for partial summary judgment in part and deny it in part. We grant it with regard to the bad faith claim. Further, we agree with the United States that plaintiff is barred from arguing that defendant's conduct prior to the issuance of SLA No. 3 excuses plaintiff's performance. We deny, however, defendant's motion with respect to plaintiff's claim of weather delay. We deny plaintiff's cross-motion for summary judgment in full.

The parties are directed to confer and propose further pretrial proceedings in a joint status report to be filed by November 25, 2014.

                                                    s/ Eric G. Bruggink
                                                    ERIC G. BRUGGINK
                                                    Judge